**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT SIMONS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>      Defendant. | Case No. 1:25-cv-09042-JLR |

**MEMORANDUM OF LAW IN OPPOSITION TO THE APPOINTMENT OF ROBERT SIMONS AS LEAD PLAINTIFF AND IACONO LAW LLC AS LEAD COUNSEL**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Counsel for Defendant AMC*
*Entertainment Holdings, Inc.*

Dated:  May 4, 2026

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT..........................................................................................................................3

I.      PLAINTIFF HAS FAILED TO DEMONSTRATE ANY FINANCIAL
INTEREST IN THE ACTION.......................................................................................4

II.     PLAINTIFF HAS FAILED TO SATISFY THE REQUIREMENTS OF RULE 23...........6

CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AMC Ent. Holdings, Inc. S'holder Litig.*,
2023 WL 2518479 (Del. Ch. Mar. 15, 2023)...............................................................9

*Bosch v. Credit Suisse Grp. AG*,
2022 WL 4285377 (E.D.N.Y. Sept. 12, 2022) ...........................................4, 5, 7, 8, 9

*In re HEXO Corp. Sec. Litig.*,
2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020)...............................................................6

*Iron Workers Loc. No. 25 Pension Fund v. Credit-Based Asset Servicing &
Securitization, LLC*,
616 F. Supp. 2d 461 (S.D.N.Y. 2009)........................................................................7, 8

*Karp v. Diebold Nixdorf, Inc.*,
2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019)................................................................6

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015)............................................................................5

*King v. Livent, Inc.*,
36 F. Supp. 2d 187 (S.D.N.Y. 1999).........................................................................4, 6

*McCormack v. Dingdong (Cayman) Ltd.*,
2022 WL 17336586 (S.D.N.Y. Nov. 30, 2022)..............................................1, 4, 6, 9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..............................................................................5

*Plymouth Cnty. Ret. Ass'n v. Innovative Tech., Inc.*,
2021 WL 4298191 (S.D.N.Y. Sept. 21, 2021)..............................................................7

*Rodriguez v. DraftKings Inc.*,
2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021)...............................................................6

**Statutes**

15 U.S.C. § 78j...............................................................................................................1

15 U.S.C. § 78u-4 ...........................................................................................1, 2, 3, 4, 5, 8

**Rules**

Fed. R. Civ. P. 23.....................................................................................................1, 2, 6

Defendant AMC Entertainment Holdings, Inc. ("AMC") respectfully submits this memorandum of law in opposition to the appointment of Plaintiff Robert Simons ("Plaintiff") as lead plaintiff and Iacono Law LLC ("Iacono Law") as lead counsel in the above-captioned action (the "Action").

## PRELIMINARY STATEMENT

Plaintiff purports to assert claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act"), "on behalf of himself and all other similarly situated former holders of AMC Preferred Equity Units ('APEs')." Compl. at 1.[1] Plaintiff requests that he be appointed lead plaintiff and that his counsel, Iacono Law, be appointed lead counsel for the putative class in the Action. *Id.* at 13. Any such appointments, however, require the approval of the Court, and AMC respectfully submits that the Court should decline to appoint Plaintiff as lead plaintiff or his counsel as lead counsel.

Class representatives serve as important fiduciaries who must "fairly and adequately protect the interests" of absent class members. Fed. R. Civ. P. 23(a)(4). Moreover, the Action is governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"), which "Congress enacted . . . in 1995 in response to perceived abuses in securities fraud class actions," and which, accordingly, "provides for extensive judicial involvement in the process of selecting a lead plaintiff and lead counsel in a securities class action." *McCormack v. Dingdong (Cayman) Ltd.*, 2022 WL 17336586, at *6 (S.D.N.Y. Nov. 30, 2022). From the outset, Plaintiff and his counsel have demonstrated a lack of appreciation for the responsibilities placed upon them as proposed class representatives in a securities action governed by the PSLRA:

---

[1] "Compl." or "Complaint" refers to the Class Action Complaint for Violations of Federal Securities Laws. ECF No. 6.

(i) Plaintiff filed the Complaint without the PSLRA's statutorily-mandated, sworn certification; (ii) Plaintiff failed to timely file the statutorily-required PSLRA notice advising members of the putative class of the existence of the Action and their ability to seek appointment as lead plaintiff, and only filed that notice after being reminded three times by the Court of this statutory requirement; and (iii) Plaintiff's counsel, Frank Iacono of Iacono Law, has failed to supply the Court with any information demonstrating his experience in prosecuting putative federal securities class actions.  Thus, Plaintiff should not be appointed lead plaintiff and Iacono Law should not be appointed lead counsel for at least the following two reasons.

*First*, because Plaintiff failed to file the statutorily-required, sworn PSLRA certification setting forth his transactions in APEs or any other information demonstrating that he has any financial interest in the Action, Plaintiff has failed to satisfy the PSLRA's requirement that a lead plaintiff have the "largest financial interest in the relief sought."    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

*Second*, Plaintiff has failed to satisfy the adequacy requirement of Fed. R. Civ. P. 23. Plaintiff has failed to provide the Court with any information whatsoever regarding his background, sophistication, or suitability for serving as a lead plaintiff.  Furthermore, Plaintiff has failed to demonstrate that Iacono Law has any experience litigating class actions, much less securities class actions governed by the PSLRA, such that Iacono Law would be an appropriate counsel to protect the interests of the putative class.  *See* Point II, *infra*.

**STATEMENT OF FACTS**

On October 31, 2025, Plaintiff filed the Complaint, asserting claims for purported violations of Section 10(b) of the Exchange Act.  ECF No. 6.  The Complaint requests that the Court appoint Plaintiff as "Class Representative" and Iacono Law as "Class Counsel."  *Id.* at 13.

2

On November 4, 2025, the Court ordered Plaintiff to "advise . . . in writing," by "**no later than November 20**, [2025] . . . the date and manner in which it published" "'a notice advising members of the purported plaintiff class . . . of the pendency of the action,'" as required under the PSLRA. ECF No. 7 (emphasis in original) (quoting 15 U.S.C. § 78u-4(a)(3)(A)). Plaintiff did not file any such notice by November 20, 2025.

On December 3, 2025, in light of Plaintiff's failure to comply with the PSLRA's notice requirement, the Court directed Plaintiff, for a second time, to file a PSLRA notice. ECF No. 8.

On February 13, 2026, the Court reminded Plaintiff for a third time about the notice required under the PSLRA, directing Plaintiff to "file a letter by **February 19, 2026**, advising the Court on his compliance with publication of notice under 15 U.S.C. § 78u-4(a)(3)(A)." ECF No. 18 (emphasis in original).

On February 17, 2026—nearly three months after the statutorily mandated deadline to issue the PSLRA notice had passed—Plaintiff published notice of the Action. *See* ECF No. 19. Once that notice was filed, "members of the purported plaintiff class . . . [had] 60 days . . . [to] move the court to serve as lead plaintiff." ECF No. 20. Accordingly, the deadline to file lead plaintiff motions was April 20, 2026. *See id.* No such motion was filed by Plaintiff or any other member of the putative class.

## **ARGUMENT**

The PSLRA directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a "[r]ebuttable presumption" that the most adequate plaintiff in a putative securities class action "is the person or

group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

"[T]he Court cannot appoint as lead plaintiff a movant who fails to satisfy the requirements of Rule 23, even in the absence of any competing motion." *Bosch v. Credit Suisse Grp. AG*, 2022 WL 4285377, at *6 (E.D.N.Y. Sept. 12, 2022); *see also McCormack*, 2022 WL 17336586, at *6 ("Congress did not intend for district courts to rubber stamp motions brought by inadequate plaintiffs, even if unopposed."). Moreover, courts in this Circuit have repeatedly held that the PSLRA does not "prohibit[] a defendant from opposing . . . a [lead plaintiff] motion." *Bosch*, 2022 WL 4285377, at *6. "Indeed, where, as here, only one motion for appointment [as lead plaintiff] has been filed . . . the purpose of the PSLRA in preventing 'lawyer-driven' litigation is best served by having more argument, not less, from any interested source." *Id.* at *6–7 (denying sole motion to be appointed lead plaintiff on defendant's opposition); *King v. Livent, Inc.*, 36 F. Supp. 2d 187, 190–91 (S.D.N.Y. 1999) (same). For the reasons set forth below, Plaintiff has failed to satisfy the second and third prongs of the PSLRA's test for adequacy of a lead plaintiff.

## I.    PLAINTIFF HAS FAILED TO DEMONSTRATE ANY FINANCIAL INTEREST IN THE ACTION

The PSLRA requires courts to "adopt a presumption that the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I).[2]    The PSLRA also mandates that each plaintiff "seeking to serve as a representative party" on behalf of a putative class file "a sworn certification" that, among other things, "sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint." *Id.* § 78u-4(a)(2)(A).

Plaintiff failed to file a sworn PSLRA certification, and he did not separately file any other documentation in support of his request to be appointed lead plaintiff with information regarding his financial interest in the Action.  Thus, Plaintiff has failed to demonstrate that he has any financial interest in the Action whatsoever, much less that he has the largest financial interest of the putative class.

In the Complaint, Plaintiff makes the conclusory allegations that he "purchased or otherwise acquired APE units during the [c]lass [p]eriod and suffered damages as a result" (¶ 10), and that "Plaintiff and the [c]lass suffered economic loss . . . resulting in damages to the [c]lass of at least $178 million." *Id.* ¶ 49.  But these vague and unsworn allegations are insufficient to satisfy the PSLRA's requirements.  *See In re Olsten*, 3 F. Supp. 2d at 295 (denying two lead plaintiff motions where one "offer[ed] no information with respect to the magnitude of her financial interest," and the other did "not present any facts to support" a finding that the movant had the largest financial interest); *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 531

---

[2] While the PSLRA "offers no statutory guidance for determining which plaintiff has the largest financial interest," courts in this Circuit consider four factors to determine which plaintiff has the largest financial interest:  "'(1) the [total] number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'"  *Bosch*, 2022 WL 4285377, at *3 (alteration in original) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).

(S.D.N.Y. 2015) ("If a lead plaintiff movant cannot recover a given loss in the action he seeks to lead, the loss cannot logically contribute to his financial stake in that action.").

## II.    PLAINTIFF HAS FAILED TO SATISFY THE REQUIREMENTS OF RULE 23

Even assuming that Plaintiff had a sufficient financial interest in the Action to be appointed lead plaintiff (and the Court cannot find that he does for the reasons set forth above), he still fails to satisfy the adequacy requirement of Rule 23 and, therefore, is not a suitable lead plaintiff.

As an initial matter, Plaintiff has failed to provide the Court with even a "threshold amount of information regarding [his] . . . background and sophistication" to demonstrate adequacy. *In re HEXO Corp. Sec. Litig.*, 2020 WL 5503634, at *1 (S.D.N.Y. Sept. 11, 2020); *see also McCormack*, 2022 WL 17336586, at *5 (denying request to be appointed lead plaintiff, in part because the proposed lead plaintiff "submitted only a pro forma certification that include[d] no details about his background, years of investing experience, or other indicia of sophistication"); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (denying individual investors' request to be appointed lead plaintiffs, in part because they "provided the Court with little to go on with respect to their alleged capacity to manage this litigation").

Plaintiff's failure to timely file the statutorily-required PSLRA notice only further demonstrates his inadequacy. *See King*, 36 F. Supp. 2d at 189–90 (denying appointment of lead plaintiff because his notice "did not adhere to the requirements of the PSLRA"). Indeed, such "careless errors weigh heavily against his appointment as lead plaintiff." *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021). Although Plaintiff described his failure to publish timely notice as an "unintentional" and "inadvertent oversight" (ECF No. 19 ¶¶ 2, 4), "[h]ad [Plaintiff] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place." *Rodriguez*, 2021

6

WL 5282006, at *9.

In any event, to sufficiently make a *prima facie* showing of adequacy, Plaintiff must demonstrate that (i) his "'class counsel is qualified, experienced, and generally able to conduct the litigation,'" (ii) "'there is no conflict between . . . [P]laintiff and the members of the [putative] class,'" and (iii) "'[P]laintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Bosch*, 2022 WL 4285377, at *4 (quoting *Plymouth Cnty. Ret. Ass'n v. Innovative Tech., Inc.*, 2021 WL 4298191, at *2 (S.D.N.Y. Sept. 21, 2021)).  Plaintiff fails on all three fronts.

*First*, Plaintiff has failed to demonstrate that Iacono Law has any experience litigating class actions, much less securities class actions governed by the PSLRA.  AMC has only been able to identify three actions in which Mr. Iacono has served as counsel—none of which were a class action or securities action.[3]  Such lack of experience renders Mr. Iacono ill-prepared to serve as class counsel in the Action.  *See Iron Workers Loc. No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 467 (S.D.N.Y. 2009) (declining to appoint a firm as lead counsel, in part because of its lack of "experience[] in securities class actions").

*Second*, Plaintiff's failure to file the required PSLRA certification and failure to move for appointment as lead plaintiff leaves open questions as to whether there may be a "conflict between . . . [P]laintiff and the members of the [putative] class."  *Bosch*, 2022 WL 4285377, at *4.  In

---

[3] *See Citigroup Glob. Mkts., Inc. v. Mun. Elec. Auth. of Ga.*, Case No. 1:14-cv-02903-AKH (S.D.N.Y.) (May 30, 2014 Memorandum of Law in Opposition to Plaintiff Citigroup Global Market Inc.'s Motion for Preliminary Injunction, filed by Mr. Iacono in an action seeking to enjoin a defendant from proceeding with arbitration) (Ex. 1); *Powers & Merchant, PLLC v. Abbington Partners, LLC*, Case No. 1:12-cv-07926-PGG (S.D.N.Y.) (Nov. 26, 2012 Order For Admission Pro Hac Vice on Oral Motion, permitting Mr. Iacono to appear in an action to compel arbitration) (Ex. 2); *In re Abbington Partners, LLC*, Case No. 14-80681 (Bankr. M.D.N.C.) (July 17, 2014 Creditors' Memorandum of Law in Opposition to Motion to Dismiss, filed by Mr. Iacono in an action to dismiss a Chapter 11 bankruptcy proceeding) (Ex. 3).  References to Ex.__ refer to exhibits appended to the accompanying Declaration of Matthew S. Connors.

addition to requiring the disclosure of all of Plaintiff's transactions in APEs, the statutorily-mandated PSLRA certification required Plaintiff to swear that he "will not accept any payment for serving as a representative party on behalf of [the] class beyond plaintiff's pro rata share of any recovery, except as ordered or approved by the court." 15 U.S.C. § 78u-4(a)(2)(A)(vi).  Plaintiff failed to make any such attestation, and any willingness by Plaintiff to accept such a payment would raise a potential conflict of interest between Plaintiff and other members of the putative class.[4]

*Third*, Plaintiff has failed to demonstrate that he has a sufficient financial interest to incentivize him to vigorously pursue the putative class claims in the Action and adequately represent the interests of absent class members.  "[T]he lead plaintiff provisions of the PSLRA were intended to curtail the vice of 'lawyer-driven' litigation, *i.e.*, lawsuits that, because of the huge potential fees available . . . were initiated and controlled by the lawyers and appeared to be litigated more for their benefit." *Iron Workers*, 616 F. Supp. 2d at 463.  For this reason, "under the PSLRA, the lead plaintiff must have a substantial stake in the litigation to ensure it has the ability and incentive" to "monitor counsel's performance and control the litigation on behalf of the putative class." *Bosch*, 2022 WL 4285377, at *4–5.  But as explained *supra*, Plaintiff has not pled any specified financial interest in the Action, nor has he filed a certification identifying his transactions in APEs.

---

[4] The PSLRA certification also required Plaintiff to provide sworn statements:  (i) "that [he] has reviewed the complaint and authorized its filing"; (ii) "that [he] did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter"; (iii) "that [he] is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary"; and (iv) identifying "any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class."  15 U.S.C. § 78u-4(a)(2)(A).  Plaintiff did not provide any of these statutorily-mandated sworn statements.

Indeed, Mr. Iacono's repeated (and failed) attempts to intervene in *In re AMC Entertainment Holdings, Inc. Stockholder Litigation*, C.A. No. 2023-0215 (Del. Ch.), a Delaware action that challenged "the issuance of APEs and related shareholder proposals" (Compl. ¶ 31), which is the same conduct challenged here (*see, e.g.*, *id.* ¶¶ 1, 5), suggests that the Action may be driven by Plaintiff's counsel—presenting precisely the situation that the PSLRA was designed to prevent. *See In re AMC Ent. Holdings, Inc. S'holder Litig.*, 2023 WL 2518479, at *6 (Del. Ch. Mar. 15, 2023) (denying Mr. Iacono's first motion to intervene); *In re AMC Ent. Holdings, Inc. S'holder Litig.*, Case No. 2023-0215-MTZ (Del. Ch.) (June 23, 2023 Report and Recommendation of Special Master denying Mr. Iacono's second motion to intervene) (Ex. 4).

## CONCLUSION

For the foregoing reasons, AMC respectfully requests that the Court decline to appoint Plaintiff as lead plaintiff or Iacono Law as lead counsel in the Action. Given that no other putative class members have moved for appointment as lead plaintiff, the Action should only proceed, if at all, on an individual basis. *See Bosch*, 2022 WL 4285377, at *7 ("The instant securities action may proceed on an individual basis, without a lead plaintiff."); *McCormack*, 2022 WL 17336586, at *6 ("[Movant] may still pursue his claims on an individual basis.").

Dated:  May 4, 2026

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth
Joshua S. Amsel
Matthew S. Connors
Tanner S. Stanley
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  john.neuwirth@weil.com
        joshua.amsel@weil.com
        matthew.connors@weil.com
        tanner.stanley@weil.com

*Counsel for Defendant AMC Entertainment
Holdings, Inc.*

10

**CERTIFICATION OF WORD COUNT**

Pursuant to Local Rule 7.1(c) and Rule 3.C of Your Honor's Individual Rules of Practice in Civil Cases, I hereby certify that Defendant AMC Entertainment Holdings, Inc.'s Memorandum of Law in Opposition to the Appointment of Plaintiff Robert Simons as Lead Plaintiff and Iacono Law LLC as Lead Counsel has a total word count of 2,886 words, as calculated by Microsoft Word, excluding the caption, table of contents, table of authorities, signature block, and this certification and, thus, complies with the 8,750-word limit for memoranda of law in opposition to motions.

*/s/ John A. Neuwirth*
John A. Neuwirth
